IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ENDEAVOR CAPITAL LLC d/b/a ) <br> GRANNY8 MORTGAGE ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CREDIT KARMA, INC., ) <br> ) <br> Defendant. ) | <br><br><br><br><br>Civil Action No. |

## COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

Plaintiff Endeavor Capital LLC d/b/a Granny8 Mortgage ("Granny8"), for its Complaint against defendant Credit Karma, Inc., alleges as follows:

## INTRODUCTION

1. Animated cartoon mascots are among the most important of trademarks for companies in a wide range of industries. From the Jolly Green Giant® to Tony the Tiger® to the Geico Gecko®, these famous characters are assets of incalculable value to their owners.

2. The significance of these animated spokespersons (and "spokes-animals") is underscored by how many of them have names connected to the names of their companies, thus reinforcing their function as trademarks. Examples include Mr. Clean®, the Michelin Tire Man®, Ronald McDonald®, and the Jack of Jack-in-the-Box®.

3. For more than a decade, the cartoon GRANNY character (displayed below) has been the corporate mascot and spokesperson for Granny8.



4.     As with her counterparts in other industries, GRANNY has become an asset of incalculable value uniquely associated with Granny8 and its quality services in the financial field of home loans and mortgage banking.

5.     Upon information and belief, there is no other grandmother character, animated or otherwise, that functions as a trademark or spokesperson for any other company in the financial industry.

6.     As more fully described below, Defendant provides financial services closely related to those provided by Granny8. Defendant has recently launched a national television advertising campaign in which it uses as its spokesperson a Cartoon Grandma character similar to the GRANNY character.

7.     Because Defendant has refused to cease broadcast and dissemination of television commercials that infringe and dilute Granny8's distinctive trademarks, Granny8 brings this action seeking preliminary and permanent injunctive relief and damages for trademark infringement, trademark dilution, and unfair competition arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*, as amended (the "Lanham Act"), for common law trademark infringement and unfair competition, and for trademark dilution under the laws of the State of Missouri.

## PARTIES, JURISDICTION, AND VENUE

8. Plaintiff Granny8 is a Missouri limited liability company with a principal place of business within this District at 14897 Clayton Road, St. Louis, Missouri 63017.

9. Defendant Credit Karma, Inc. is a Delaware corporation with a principal place of business in San Francisco, California.

10. This Court has personal jurisdiction over Defendant because Defendant actively markets and sells its financial services in Missouri and throughout the nation via its interactive Internet website <www.creditkarma.com>. Additionally, Defendant advertises its services in Missouri and throughout the nation, as more fully described below, through the use of a cartoon grandmother figure that infringes Granny8's trademarks.

11. There is complete diversity of citizenship between Granny8 and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

12. This court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

13. Venue is proper in this district under 28 U.S.C. 1391(b)(1) and (c)(2) because Defendant is deemed to reside in this District.

## FACTS COMMON TO ALL COUNTS

### GRANNY8'S FAMOUS GRANNY8 MARKS

14. Granny8 is in the business of providing certain financial services. Specifically, it provides mortgage banking services to consumers seeking a variety of loans, including home purchase loans, refinancing loans, home equity lines of credit, and the like.

15. For more than a decade, Granny8 has marketed and provided these services under the mark GRANNY8

3

16. Throughout that period, Granny8 has continuously marketed these services through use of a Cartoon Grandma character named Granny (the "GRANNY Character"). The GRANNY Character has served as Granny8's main trademark and as its principal spokesperson in its television commercials.

17. An example of Granny8's use of the GRANNY Character is reproduced below:



18. Granny8 operates, markets, and promotes its services at the Internet website www.granny8.com (the "Granny8 website").

19. Granny8 is the owner of all right, title, and interest in the following federally-registered trademarks (together, with the GRANNY Character, the "GRANNY8 marks"):

| Mark | Reg.No. | Reg. Date (date of first use) | Services/Goods |
|---|---|---|---|
| GRANNY8 | 3198825 | January 16, 2007 (June 2003) | Mortgage brokerage services; Mortgage lending services; Providing home equity loans |
| 1-800-GRANNY-8 | 3198824 | January 16, 2007 (February 2005) | (Same as above) |
| FOR A GREAT RATE . . . GRANNY8 | 4178574 | July 24, 2012 (January 2005) | (Same as above) |
| [GRANNY Character image] | 3657358 | July 21, 2009 (January 2003) | (Same as above) |

20.     The registrations for GRANNY8 and 1-800-GRANNY-8 are incontestable pursuant to 15 U.S.C. § 1065.

21.     Over the past eleven years, Granny8 has invested and continues to invest substantial resources in promoting its services under the various GRANNY8 marks (including the GRANNY Character) and the Granny8 website.

22.     As a result of Granny8's widespread use and promotion of the GRANNY8 marks and the Granny8 website in conjunction with its services, the GRANNY8 marks (including the GRANNY Character) have acquired a strong and favorable public recognition and secondary meaning identifying Granny8 as the source of mortgage brokerage and lending services of the highest quality.

23.     The GRANNY8 marks (including the GRANNY Character) have become famous and distinctive marks of incalculable value uniquely associated with Granny8 and its quality

5

services. Among other things, Granny8 has achieved an A+ rating from the Better Business Bureau.

### **DEFENDANT'S WRONGFUL CONDUCT**

24. Defendant provides a variety of financial services related to consumer credit and home loans.

25. Among other things, Defendant:

    (a) Monitors and provides individual consumers with access to their financial information, including bank accounts, credit cards, bills, mortgages, loans, and credit scores; and

    (b) Provides advertisement and promotion services for mortgage brokers, mortgage lenders, and other financial institutions based on those consumer credit reports.

23. For example, a consumer using Defendant's website can click on the icon entitled "Home Loans." That will take the consumer to a web page where she can indicate what type of home loan she is looking for (e.g., new home loan, refinance, home equity) and Defendant will present her with various home loan offers from national and local lenders.

24. In or about November of 2013, Granny8 discovered that Defendant had started running national television commercials featuring a Cartoon Grandma character named Grandma ("Defendant's Cartoon Grandma" or "Cartoon Grandma").

25. An example of Defendant's use of the Cartoon Grandma is set forth below

6



26. Defendant has also added a cartoon grandfather character to its national television commercials ("Defendant's Cartoon Grandpa" or "Cartoon Grandpa"). Defendant's Cartoon Grandpa is the husband of Cartoon Grandma. An example of Cartoon Grandpa is set forth below:



27. Defendant knew or reasonably should have known that its promotion and sale of its services through the use of Cartoon Grandma (and, additionally, Cartoon Grandpa) would create the likelihood of confusion among consumers of such services as to the source, affiliation,

7

connection, origin, authorization and sponsorship of those services and would dilute the distinctive quality of the GRANNY8 marks (including the GRANNY Character).

### INJURY TO GRANNY8 AND THE PUBLIC

28. Defendant's use of the confusingly similar Cartoon Grandma spokesperson character (and, additionally, a Cartoon Grandpa) in its advertisements falsely indicates to consumers that Defendant's services originate from, are approved by, are sponsored by, are licensed by, or are otherwise affiliated with Granny8 and its services.

29. Defendant's use of a confusingly similar Cartoon Grandma spokesperson character (and, additionally, a Cartoon Grandpa spokesperson) in its advertisements has or is likely to cause confusion, to cause mistake, or to deceive customers of both Granny8 and Defendant as to the source of the financial services offered by both companies and to cause the dilution of the distinctive quality of the GRANNY8 marks (including the GRANNY Character).

30. Defendant's use of a confusingly similar Cartoon Grandma spokesperson character (and, additionally, a Cartoon Grandpa spokesperson) in its advertisements has unjustly enriched Defendant at the expense of Granny8 and its goodwill.

31. Unless these acts of defendant are restrained by this Court, Defendant's unlawful acts will continue to cause irreparable injury to Granny8 and to the public, for which there is no adequate remedy at law.

### COUNT I
### FEDERAL TRADEMARK INFRINGEMENT
### (Lanham Act § 32, 15 U.S.C. § 1114(1))

32. Granny8 realleges and incorporates by reference the preceding allegations of the Complaint as if fully set forth herein.

8

33. Defendant's actions, as set forth above, constitute infringement the GRANNY8 marks (including the GRANNY Character) in violation of the Lanham Act, 15 U.S.C. § 1114 and entitle Granny8 to an injunction against said use pursuant to 15 U.S.C. § 1116.

34. By reason of the foregoing, Granny8 has been or will be irreparably harmed and damaged.

## COUNT II
## FEDERAL TRADEMARK DILUTION
## (Lanham Act § 43(c), 15 U.S.C. § 1125(c))

35. Granny8 realleges and incorporates by reference the preceding allegations of the Complaint as if fully set forth herein.

36. The GRANNY8 Marks (including the GRANNY Character) are "famous marks" within the meaning of §43(c) of the Lanham Act, 15 U.S.C. § 1125(c) and have been famous marks prior to Defendant's actions, as set forth above..

37. Defendant's actions, as set forth above, are likely to cause dilution by blurring and dilution by tarnishment of the distinctive quality of the GRANNY8 marks (including the GRANNY Character) in violation of Granny8's rights under §43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

38. By reason of the foregoing, Granny 8 has been and will be irreparably harmed and damaged.

## COUNT III
## FEDERAL UNFAIR COMPETITION
## (Lanham Act § 43(a), 15 U.S.C. § 1125(a))

39. Granny8 realleges and incorporates by reference the preceding allegations of the Complaint as if fully set forth herein.

9

40. Defendant's actions, as set forth above, have constituted and will continue to constitute a false representation or designation of origin that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Granny8, or as to the origin, sponsorship, or approval of Defendant's services by Granny8. Such actions constitute unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a).

41. By reason of the foregoing, Defendant has been unjustly enriched and Granny8 has been injured and damaged. Unless the foregoing alleged actions of Defendant are enjoined, Granny8 will continue to suffer injury and damage.

## COUNT IV
## UNFAIR COMPETITION
### (Missouri Common Law)

42. Granny8 realleges and incorporates by reference the preceding allegations of the Complaint as if fully set forth herein.

43. Defendant's actions, as set forth above, constitute unfair competition in violation of the common law of Missouri.

44. By reason of the foregoing, Defendant has been unjustly enriched and Granny8 has been injured and damaged. Unless the foregoing alleged actions of Defendant are enjoined, Granny8 will continue to suffer injury and damage.

## COUNT V
### Missouri Dilution Claim
### (Mo. Rev. Stat. § 417.061)

45. Granny8 realleges and incorporates by reference the preceding allegations of the Complaint as if fully set forth herein.

46. Defendant's actions, as set forth above, have caused and continue to cause dilution of the distinctive quality of the GRANNY8 marks (including the GRANNY Character) in violation of Section Mo. Rev. Stat. 417.061.

47. By reason of the foregoing, Granny 8 has been or will be irreparably harmed and damaged.

## PRAYER FOR RELIEF

WHEREFORE, Granny8 requests the entry of judgment in its favor and against Defendant as follows:

A. That this Court preliminarily and permanently enjoin Defendant and its affiliates, officers, agents, servants, employees, attorneys, successors, assigns, and all those persons in active concert or participation with any of them:

    i. From using, in connection with the promotion, advertising, offering, or sale of their financial services any of the GRANNY8 marks (including the GRANNY Character) or any other designation that is confusingly similar to the GRANNY8 marks, including, without limitation, Defendant's Cartoon Grandma and Cartoon Grandpa, that are likely to cause confusion with the GRANNY8 marks or dilutes or are likely to dilute the GRANNY8 marks.

    ii. From otherwise competing unfairly with Granny8 in any manner including (1) adopting or infringing upon Granny8's GRANNY8 marks, or (2) adopting or using any other marks or designations that are confusingly similar to the GRANNY8 marks, including, without limitation, Defendant's Cartoon Grandma and  Cartoon Grandpa.

    iii. From conspiring with, aiding, assisting or abetting any other person or business entity in engaging in or performing any of the activities referred to above.

B. That this Court order Defendant to deliver up for destruction or show proof of destruction of any and all products, advertisements, publications, labels and any other materials in their possession or control (including all Internet electronic materials) that are confusingly

similar to the GRANNY8 marks, including, without limitation, Defendant's Cartoon Grandma and Cartoon Grandpa.

  C. That this Court order Defendant to file with this Court and to serve upon Granny8 a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with any injunction resulting from this matter within thirty days after entry to that injunction.

  D. That Granny8 recover all damages it has sustained as a result of Defendant's acts of infringement, dilution, unfair competition, and unjust enrichment.

  F. That an accounting be directed to determine Defendant's profits resulting from its acts of infringement, dilution, unfair competition, and unjust enrichment, and that such profits be paid over to Granny8.

  E. That treble damages and attorney's fees be added to the damages in favor of Granny8 pursuant to 15 U.S.C. § 1117.

  G. That Granny8 recover its costs in this action.

  H. That Granny8 recover such other relief as the Court may deem appropriate.

/s/ Michael A. Kahn
Michael A. Kahn (#35411MO)
kahn@capessokol.com
Capes Sokol Goodman & Sarachan PC
7701 Forsyth Blvd., 12th Floor
St. Louis, Missouri 63105
Tel: (314) 505-5406
Fax: (314) 721-0554

Attorneys for Plaintiff